Rand, McNally & Co. v. Hornbarger.

---

## Rand, McNally & Co. v. O. B. Hornbarger.

1. VARIANCE—*Pleadings and Proofs.*—Under the common counts for goods, etc., sold and delivered, no recovery can be had, except for goods, etc., sold and delivered.

Assumpsit. Consolidated common counts. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed April 17, 1899. Rehearing denied.

RALPH RORER CROCKER and SAMUEL B. KING, attorneys for appellant.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in an action of assumpsit by appellee against appellant. The declaration contains the common count for goods, wares and merchandise sold and delivered, alleging an indebtedness of $1,500 for such sale and delivery. Then follows a blank printed form of the consolidated common counts, commencing thus: "And, whereas, also, the said defendant, afterward, to wit, on the same day and year, and at the place aforesaid, —— indebted to the said plaintiff in the further sum of —— dollars, of like lawful money as aforesaid for," etc. No indebtedness whatever is alleged in the form of the consolidated counts, the blank space in the commencement of the count, left for the insertion of the amount of indebtedness, not being filled in, but left blank, as above shown. In short, the declaration contains only one count, namely, that for goods, etc., sold and delivered.

Appellee's only evidence was of money advanced and personal services rendered for appellant; no proof was offered of any other cause of action. When appellee commenced to introduce evidence of personal services rendered by him for appellant, the latter's counsel objected, on the specific ground that the proof was inadmissible; that the only count in the declaration was for merchandise sold and delivered; but the objection was overruled. It is too plain for argument, that under the common count for goods, etc., sold and delivered, no recovery can be had, except for goods, etc., sold and delivered. 1 Ch. Pl., 9 Am. Ed., 345, *et sequens.*

No proof whatever was offered of the only cause of action alleged. The judgment will be reversed and the cause remanded.